1  VENABLE LLP
Justin E. Pierce (*To be admitted pro hac vice*)
2  JEPierce@venable.com
575 7th Street, NW
3  Washington, DC  20004
Telephone:  (202) 344-4000
4  Facsimile:   (202) 344-8300

5  Schuyler B. Sorosky (SBN 265367)
SBSorosky@venable.com
6  Matthew J. Busch (SBN 307396)
MJBusch@venable.com
7  2049 Century Park East, Suite 2300
Los Angeles, CA  90067
8  Telephone:  (310) 229-9900
Facsimile:   (310) 229-9901
9
10  Attorneys for Plaintiff LOANDEPOT.COM, LLC

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOANDEPOT.COM, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> COWBOY DIRECT RESPONSE INC., a California Corporation, d/b/a Synergy Direct Response, and DOES 1 through 10, <br><br> Defendant. | CASE NO.  8:16-cv-2216 <br><br> COMPLAINT FOR: <br><br> 1.  Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); <br><br> 2.  Violation of the Lanham Act, 15 U.S.C. § 1125(a); <br><br> 3.  Unfair Competition and Unfair Business Practices Under Cal. Bus. & Prof. Code § 17200, *et seq.*; and <br><br> 4.  Common Law Unfair Competition <br><br> DEMAND FOR JURY TRIAL |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT

1      Plaintiff loanDepot.com, LLC ("Plaintiff" or "loanDepot"), for its Complaint
2   against Cowboy Direct Response Inc. d/b/a Synergy Direct Response ("Defendant"
3   or "Synergy") and Does 1 through 10, alleges and states as follows:

**NATURE OF THE ACTION**

5      1.     This is an action for cybersquatting and false designation of origin,
6   under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125; unfair competition
7   under California common law; and unfair competition under California state law.

**THE PARTIES**

9      2.     Plaintiff loanDepot.com, LLC is a Delaware limited liability company
10   with a principal place of business at 26642 Towne Center Drive, Foothill Ranch,
11   California 92610.  loanDepot is in the business of providing lending services.

12      3.     loanDepot owns various trademarks for LOANDEPOT including
13   U.S. Reg. Nos. 3,804,520; 3,835,988; 3,875,936; and 4,026,025 (collectively, the
14   "LOANDEPOT Marks").  loanDepot also owns U.S. App. No. 86/611,454 for
15   MYLOANDEPOT.

16      4.     loanDepot owns the registration for the domain name loandepot.com,
17   and operates websites located at loandepot.com and the my.loandepot.com
18   subdomain.

19      5.     Upon information and belief, Defendant Synergy is a California
20   company with a principal place of business at 130 East Alton Avenue, Santa Ana,
21   California 92707.

22      6.     Upon information and belief, Synergy is a direct response marketing
23   company that has previously provided marketing services for loanDepot.  Synergy
24   registered the domain names myloandepot.com, loandepotfha.com, and
25   loandepotva.com, which all contain the LOANDEPOT Marks (collectively, the
26   "Domain Names").

27
28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1
COMPLAINT

7.      loanDepot is currently unaware of the identities of Defendants Does 1–10, and therefore, sues such Defendants by such pseudonyms.  Upon information and belief, discovery will reveal the true identities of those Defendants and loanDepot will then amend this Complaint to identify those Defendants by name.

8.      Synergy's bad faith use of the Domain Names, as described below, infringes Plaintiff loanDepot's protected trademark rights and violates federal and state law.

## JURISDICTION AND VENUE

9.      This action arises under the Trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and under California Business and Professions Code § 17200 *et seq.*  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

10.     Synergy is subject to the personal jurisdiction of this Court because, among other things, Synergy is doing business in the state of California, and the acts of infringement complained of in this Complaint took place in the state of California.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that give rise to this Complaint occurred in this judicial district.

## GENERAL ALLEGATIONS

12.     Founded in 2010, loanDepot is the country's fifth largest retail mortgage brand.  loanDepot's 1,700 licensed loan officers hold more than 10,000 licenses to serve borrowers in all 50 states.

13.     loanDepot owns various distinctive service marks incorporating its LOANDEPOT trademark, including U.S. Reg. Nos. 3,804,520; 3,835,988; 3,875,936; and 4,026,025.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

14.     loanDepot likewise owns U.S. App. No. 86/611,454 for MYLOANDEPOT and has been using its my.loandepot.com subdomain since 2013.

15.     The distinctiveness of the LOANDEPOT Marks is buttressed by their widespread secondary meaning in the marketplace.  As a result of the widespread public recognition and renown of the LOANDEPOT Marks, the marks have become identified in the minds of consumers exclusively with loanDepot's high quality products and services.  Thus, the LOANDEPOT Marks have become an asset of substantial value and a symbol of loanDepot's goodwill.

<u>Synergy's Bad Faith</u>

16.     Since 2011, Synergy has provided direct response marketing services to loanDepot on an ad hoc basis.

17.     On or about May 15, 2011, unbeknownst to loanDepot, Synergy registered the myloandepot.com domain name in connection with direct response marketing services to be performed on loanDepot's behalf.  These services were never rendered.

18.     In December 2016, loanDepot sought to register the myloandepot.com domain name to be used in connection with its MYLOANDEPOT applied-for mark.  To its surprise, loanDepot discovered that the myloandepot.com domain name was registered by Synergy.

19.     As shown below, as of the date of this complaint, the myloandepot.com domain name currently resolves to an expired survey purportedly offered by loanDepot, bearing Plaintiff's federally registered LOANDEPOT mark.

/ / /

/ / /

/ / /

3

COMPLAINT

1
2
3
4
5
6
7
8
9
10



11   20.     On or about December 8, 2016, loanDepot's associate general

12   counsel, Beth Kearney, and senior vice president of marketing, Eric Leimkuler,

13   contacted Synergy's president, John Rogers, in order to recover the

14   myloandepot.com domain name.  During the discussions between the companies,

15   loanDepot expressed that it sought to make use of the myloandepot.com domain

16   name in connection with a project that would supersede any direct mail marketing

17   campaign.

18   21.     Rather than authorizing transfer of the myloandepot.com domain

19   name to loanDepot outright, Rogers conditioned its return on Synergy resuming

20   marketing services for loanDepot.  When loanDepot respectfully declined this

21   request, Synergy refused to return the domain.

22   22.     Synergy's refusal to return the myloandepot.com domain name is but

23   one example of its pattern and practice of registering domain names that

24   incorporate loanDepot's marks in order to secure future work from loanDepot.

25   Indeed, along with the myloandepot.com domain name, in or about 2013, Synergy

26   inexplicably registered the domain names loandepotfha.com and loandepotva.com.

27   23.     Plaintiff's LOANDEPOT Marks are distinctive and were distinctive at

28   the time of Synergy's acquisition and use of the Domain Names.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

4

COMPLAINT

24.     Upon information and belief, Synergy has registered and is using the Domain Names with the bad faith intent to profit from the goodwill of Plaintiff's LOANDEPOT Marks, and Synergy has no justification for its acquisition and use of the Domain Names.

25.     Upon information and belief, the Domain Names were and continue to be maintained in bad faith with the intent to cause harm to loanDepot, to profit from the LOANDEPOT Marks, and to cause confusion among the consumers seeking home lending services.

26.     Defendant's actions have caused and will further cause loanDepot irreparable harm for which money damages and other remedies are inadequate. Unless Defendant is restrained by this Court, Defendant will continue and/or expand its unlawful activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to loanDepot by, among other things:

a.      Depriving loanDepot of its statutory rights to use and control the usage of its LOANDEPOT Marks;

b.      Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of LoanDepot's services and Defendant's services;

c.      Causing the public to falsely associate loanDepot with Defendant or vice versa;

d.      Causing incalculable and irreparable damages to loanDepot's goodwill and diluting the capacity of its LOANDEPOT Marks to differentiate loanDepot's services from the services of others; and

e.      Causing loanDepot to lose sales.

27.     Accordingly, in addition to other relief sought, loanDepot is entitled to preliminary and permanent injunctive relief against Defendant.

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

## **FIRST CLAIM FOR RELIEF**

### **Violation of the Anticybersquatting Consumer Protection Act**

### **(15 U.S.C. § 1125(d))**

### **Acquisition and Use in Bad Faith**

28.     Plaintiff incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

29.     Plaintiff owns various federal trademark registrations and applications for LOANDEPOT discussed herein.

30.     Plaintiff's LOANDEPOT Marks are distinctive and were distinctive at the time of Defendant's acquisition of the Domain Names, and continue to be distinctive.

31.     The Domain Names are confusingly similar to Plaintiff's LOANDEPOT Marks.

32.     The Domain Names have been and continue to be used with the bad faith intent to profit from the goodwill of Plaintiff's LOANDEPOT Marks.

33.     There is no justification for Defendant's continuing use of the Domain Names.

34.     The Domain Names were and are maintained in bad faith with the intent to cause harm to Plaintiff, to profit from the LOANDEPOT Marks, and to cause confusion among the relevant purchasing consumers.

35.     Examples of Defendant's previous, ongoing and continuous bad faith intent include, but are not limited to:

a.      The Domain Names are confusingly similar to Plaintiff's LOANDEPOT Marks.

b.      Defendant's decision to hold the myloandepot.com domain name ransom in an effort to secure payment for future marketing services.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

c.    The myloandepot.com domain name is used to attract consumers looking for Plaintiff and divert them to Defendant's infringing website.

36.    Defendant's conduct is in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and as such, Plaintiff is entitled to statutory damages pursuant to15 U.S.C. § 1117(d), and to have the Domain Names transferred to it pursuant to 15 U.S.C. § 1125(d)(2)(D)(i).

**SECOND CLAIM FOR RELIEF**

**Violation of Lanham Act § 43(a)**

**(15 U.S.C. § 1125(a))**

**False Designation of Origin**

37.    Plaintiff incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

38.    Through its use of the myloandepot.com domain name that resolves to an expired survey purportedly offered by LoanDepot, bearing Plaintiff's federally registered LOANDEPOT mark, Defendant has, upon information and belief, caused, and if not enjoined will continue to cause, and are likely to cause, consumers to be confused, mistaken, or deceived as to the affiliation, connection, or association of Defendant with Plaintiff, with Plaintiff's marks, or as to Plaintiff's association, sponsorship, or approval of Defendant's business and/or services.

39.    Defendant's unauthorized use of Plaintiff's LOANDEPT Marks has damaged Plaintiff in an amount to be determined at trial.  Such use has also caused Plaintiff to suffer irreparable harm, and Plaintiff will continue to be irreparably harmed unless and until Defendant's unlawful conduct is enjoined.  Plaintiff has no adequate remedy at law.

/ / /

/ / /

COMPLAINT

**THIRD CLAIM FOR RELIEF**

**Unfair Competition and Unfair Business Practices**

**Under Cal. Bus. & Prof. Code § 17200 *et seq.***

40.    Plaintiff incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

41.    Defendants' actions, including, but not limited to, Defendant's decision to hold the myloandepot.com domain name ransom in an effort to secure payment for future marketing services, constitute unfair competition, including unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising, all in violation of California Business and Professions Code §§ 17200 *et seq.* and of Plaintiff's rights.

42.    Without limitation, Defendant's actions have caused, and in the future are likely to cause, confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship, affiliation, and/or quality of Defendant's services, thereby causing loss, damage, and injury to Plaintiff and to the public.  Without limitation, Defendant knew that its conduct was likely to cause Plaintiff harm.

43.    As a direct and proximate result of Defendant's unfair competition in violation of California Business and Professions Code §§ 17200 *et seq.*, Defendant has unjustly traded on Plaintiff's goodwill, has unjustly enriched itself, and has received revenues and profits in an amount that Plaintiff will prove at trial. According, Plaintiff is entitled to restitution, and an accounting and disgorgement of any profits of Defendant.

44.    As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable harm.  Defendant threatens to continue to deliberately engage in unfair competition as set forth above and, unless restrained and enjoined, will do so, all to Plaintiff's irreparable

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

1  damage.  Plaintiff's remedy at law is not by itself adequate to compensate Plaintiff

2  for the harm inflicted and threatened by Defendant, and Plaintiff will continue to

3  suffer irreparable harm unless this Court enjoins Defendant.  Plaintiff therefore

4  seeks injunctive relief.

5  ### FOURTH CLAIM FOR RELIEF

6  ### (Common Law Unfair Competition)

7      45.    Plaintiff incorporates and references the allegations asserted in each of

8  the preceding paragraphs, as if fully set forth herein.

9      46.    Defendants' actions, including, but not limited to, Defendant's

10  decision to hold the myloandepot.com domain name ransom in an effort to secure

11  payment for future marketing services, constitute common law unfair competition.

12      47.    As the direct and proximate result of such unlawful actions, Plaintiff

13  has suffered and continues to suffer damages in an amount that Plaintiff will prove

14  at trial.

15      48.    As a direct and proximate result of Defendant's unfair competition,

16  Plaintiff has suffered and will continue to suffer irreparable harm.  Defendant

17  threatens to continue infringing Plaintiff's rights as set forth above and, unless the

18  Court restrains and enjoins Defendant, Defendant will continue to do so.

19  Plaintiff's remedy at law is not by itself adequate to compensate Plaintiff for the

20  harm inflicted and threatened by Defendant, and Plaintiff will continue to suffer

21  irreparable harm unless this Court enjoins Defendant.  Plaintiff thus seeks

22  injunctive relief.

23  ### PRAYER FOR RELIEF

24      **WHEREFORE**, Plaintiff prays that this Court enters judgment as follows:

25      1.    Defendant has unfairly competed with Plaintiff in violation of

26  Plaintiff's rights under 15 U.S.C. § 1125(d), 15 U.S.C. § 1125(a) and California

27  common law and that such unfair competition has been willful and deliberate;

28

9

COMPLAINT

2.     Defendant, its agents, employees, representatives, partners, joint venturers and/or anyone acting on behalf of, or in concert with, Defendant, or any of them, be enjoined and restrained preliminarily and permanently from:

a.     Marketing, displaying, advertising, promoting, selling or offering for sale any service using Plaintiff's LOANDEPT Marks, or confusingly similar marks, and any colorable imitations thereof;

b.     Using any word, term, name or symbol or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendant or its services with Plaintiff, as to the origin of Defendant's services, any false designation of origin, or false or misleading description or representation of fact;

c.     Further infringing the rights of Plaintiff's LOANDEPT Marks, or otherwise damaging Plaintiff's reputation or goodwill;

d.     Otherwise unfairly competing with Plaintiff in any manner; and

e.     Continuing to perform in any manner whatsoever any of the acts complained of in this Complaint;

3.     An Order that the registrar for the Domain Names transfer the Domain Names to Plaintiff;

4.     An Order that the Domain Names shall be immediately locked by the registrar for the Domain Names;

5.     An award of Plaintiff's actual damages and lost profits in an amount to be proven at trial;

6.     An award of compensatory, consequential, statutory, exemplary and punitive damages to Plaintiff in an amount to be determined at trial;

7.     An award trebling Plaintiff's damages for the willful and deliberate acts complained of herein;

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

COMPLAINT

8.    An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action; and

9.    An award of any such other relief, award or remedy, legal or equitable, as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests trial by jury on all claims and issues triable by jury.


Dated:  December 16, 2016          VENABLE LLP


By:  /s/ Schuyler B. Sorosky
        Justin E. Pierce (*To be Admitted Pro Hac Vice*)
        Schuyler B. Sorosky
        Matthew J. Busch
        Attorneys for Plaintiff
        LOANDEPOT.COM, LLC

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA  90067
310-229-9900

11