# SETTLEMENT AGREEMENT

This Agreement ("Agreement") is effective as of the last date signed below (the "Effective Date") and is made by and among, on the one hand, loanDepot.com, LLC, a Delaware limited liability company, with a principal place of business located at 26642 Towne Center Drive, Foothill Ranch, California 92610 ("loanDepot") and, on the other hand, Cowboy Direct Response Inc. d/b/a Synergy Direct Response, a California corporation, with a principal place of business located at 130 East Alton Avenue, Santa Ana, California 92707 ("Synergy") (collectively, loanDepot and Synergy are referred to as the "Parties").

## RECITALS

WHEREAS, there is an action now pending in the United States District Court for the Central District of California entitled *Loandepot.com, LLC v. Cowboy Direct Response Inc., et al.*, which has been assigned Case No. 8:16-cv-02216-JLS-JCG (the "Action");

WHEREAS, loanDepot has alleged a number of assertions against Synergy in its complaint filed in the Action, including claims against Synergy for cybersquatting, false designation of origin, and unfair competition through its use of certain domain names that include Plaintiff's trademarks;

WHEREAS, loanDepot owns numerous trademark and service mark registrations and applications incorporating its distinctive LOANDEPOT marks, including United States Trademark Registration and Application Nos. 3,804,520; 3,835,988; 3,875,936; 4,026,025; 86/611,454 (collectively, the "LOANDEPOT Marks");

WHEREAS, the Parties now desire to settle this matter and resolve fully and finally all claims arising out of or in any way connected with or related to the Action, having determined that it is in their respective best interests to compromise and settle the Action;

NOW, THEREFORE, in consideration of covenants, agreements, obligations and promises set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Agreements.** Synergy agrees to immediately relinquish ownership of and transfer the domain names myloandepot.com, loandepotfha.com, and loandepotva.com (the "Domain Names") to loanDepot. Synergy also agrees to transfer any other domain names (beyond the three listed above) that include, or are confusingly similar to, LOANDEPOT marks to loanDepot. Synergy further agrees to (a) not market, display, advertise, promote, sell or offer for sale any service using the LOANDEPOT Marks, or confusingly similar marks, and any colorable imitations thereof; (b) not use any word, term, name or symbol or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Synergy or its services with loanDepot, as to the origin of Synergy's services, any false designation of origin, or false or misleading description or representation of fact; (c) not otherwise infringe loanDepot's rights in its LOANDEPOT Marks or otherwise damage loanDepot's reputation or goodwill; (d) not unfairly compete with loanDepot in any manner; and

(e) refrain from performing in an any manner whatsoever any of the acts complained of in the Action.

2. <u>Dismissal of the Action.</u> loanDepot shall dismiss the entire action against Synergy with prejudice. Such dismissal shall be filed within three (3) days after the Domain Names are unlocked and transferred to loanDepot.

3. <u>Acknowledgement of Rights.</u> Synergy hereby recognizes and acknowledges loanDepot's ownership rights in and to the LOANDEPOT Marks and all of the goodwill associated therewith. Synergy further acknowledges and agrees that the LOANDEPOT Marks are valid, enforceable, subsisting and owned by loanDepot.

4. <u>Costs and Fees.</u> Each Party to this Agreement shall bear its own attorneys' fees, costs of suit, and other costs and expenses incurred in connection with the Action, including, without limitation, the attorneys' fees, costs and expenses incurred in connection with the investigation of the transactions, occurrences, or events giving rise to the Action, any efforts to resolve or settle the disputes giving rise to the Action, or in connection with the preparation of this Agreement.

5. <u>Release.</u> Subject to the full and complete performance of all of the terms and conditions set forth herein by each of the Parties hereto, the Parties, together with their parents, subsidiaries, predecessors, and assigns, and each of their officers, directors, employees, agents, representatives, shareholders, or anyone acting on their behalf, hereby mutually release and discharge the other from any and all Claims arising out of or relating to Defendant's use of domain names that incorporate Plaintiff's trademarks. "Claims" means any and all past, present, or future claims, counterclaims, demands, actions, obligations, liabilities, or causes of action, and all other claims of every kind and nature in law or equity whether arising under federal, state, international, or other law. Any term or provision of this Agreement that is invalid or unenforceable in any situation in any jurisdiction shall not affect the validity or enforceability of the remaining terms and provisions hereof or the validity or enforceability of the offending term or provision in any other situation or in any other jurisdiction.

6. <u>Waiver of California Civil Code Section 1542.</u> Each Party understands that there is a risk that after this Agreement is executed, such party may incur or suffer loss, damage, or injuries which in some way are caused by, or are related to, matters which are the subject of this Agreement, but which are unknown or unanticipated at the time of execution of this Agreement. Each Releasing Party hereby specifically assumes such risk and agrees that the Claims released under this Agreement be construed as broadly as possible, within the scope of the releases defined under Section 5 above, and each Releasing Party hereby specifically assumes such risk and agrees that the Claims released under this Agreement be construed as broadly as possible, within the scope of the releases defined in Section 5 above, and agree to waive and relinquish all rights and benefits they may have under California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

7. <u>Binding Agreement.</u> This Agreement shall be binding upon and inure to the benefit of the Parties and their respective officers, directors, principals, agents, servants, employees, parents, subsidiaries, affiliates, successors, and assigns.

8. <u>Severability.</u> Should any part or provision of this Agreement be held unenforceable or in conflict with any law or jurisdiction, the validity of the remaining parts or provisions shall not be affected by such holdings so long as the primary purposes and intentions of the parties can still be accomplished.

9. <u>Joint Drafting.</u> This Agreement was negotiated between the Parties, each of whom had the opportunity to consult with legal counsel during the negotiation, drafting, and execution of this Agreement, and the Parties agree that this Agreement shall not be construed against any Party as the drafter.

10. <u>No Warranty.</u> No Party has relied on any representation or warranty of any kind in entering into this Agreement, except for those representations and warranties expressly set forth herein.

11. <u>Entire Agreement.</u> This Agreement constitutes the entire agreement between the Parties relating to the subject matter hereof, and supersedes any and all prior or contemporaneous agreements, whether oral or written, relating to the subject matter hereof. This Agreement may not be released, discharged, abandoned, changed or modified in any manner except by an instrument in writing signed by a duly authorized officer of each of the Parties.

12. <u>Choice of Law; Venue.</u> This Agreement shall be construed and controlled in accordance with the laws of the State of California. The parties hereby consent that any dispute regarding this Agreement shall be filed in a court of competent jurisdiction in the United States District Court for the Central District of California, and the Parties specifically waive their right to have any dispute arising from this Agreement brought anywhere else. The Parties agree that in any subsequent action to enforce the provisions of this Agreement, the prevailing party shall be entitled to its reasonable attorneys' fees, in addition to costs and other relief of the court.

13. <u>Counterparts.</u> This Agreement may be executed in two or more counterparts, each of which shall be deemed to constitute an original, but all of which together shall constitute one and the same instrument.

14. <u>Authority.</u> The individuals executing this Agreement on behalf of the Parties hereby acknowledge and state that they have the authority and all necessary approvals or consents to execute this Agreement and to bind the respective corporation or partnership to the terms and conditions hereto.

15. <u>Captions.</u> The paragraph headings contained herein are for the purpose of convenience and are not intended to define or limit the contents of the paragraphs or the Agreement.

IN WITNESS THEREOF, the Parties have caused their names to be subscribed and this Agreement executed as of the dates provided below.

4

| loanDepot.com, LLC | Cowboy Direct Response Inc. d/b/a Synergy Direct Response |
|---|---|
| By: _[signature]_ | By: _[signature]_ |
| Name: Beth Kearney | Name: John Rogers |
| Title: Vice President, Associate General Counsel | Title: President |
| Date: 1/13/17 | Date: 1-13-17 |